IN THE MATTER OF THE APPLICATION OF AUGUST NICOLL AND OTHERS, APPELLANTS, FOR A MANDAMUS AGAINST THE BOARD OF EDUCATION OF THE CITY OF BROOKLYN AND ANOTHER, RESPONDENTS.

*Right of parents to have children admitted to primary schools — when such right will not be enforced by* mandamus.

Upon the hearing of this application for a *mandamus* to compel the Board of Education of Brooklyn to admit the children of the several relators to the primary schools in district No. 24, it appeared that admission was refused because the schools were full.

*Held*, that as the board could only determine the number and location of schools and ask for an appropriation from the common council, and as it had already asked for such new primary schools, which were at the time this application was made, in course of erection, it could not be charged with neglect for a failure to keep pace with the rapid growth of the district in the school accommodations.

That it was not for the court to determine as to the propriety of teaching music and drawing, or as to the number of scholars to be received at each school, or as to the length of the term for which they should be so received, as the decision of those questions was left to the board of education.

APPEAL from an order made at the Kings County Special Term denying a motion for a *mandamus* to compel the respondents to admit the children of the several relators to the primary schools in district No. 24, in the city of Brooklyn.

The children were refused admission to the primary school of the district in which they resided, because such school had no accommodations for other scholars than those in attendance.

The relators claimed that so much of the moneys appropriated for the board were improperly used, for what might be termed the higher education, that a sufficient sum was not left to provide primary instruction to all the children of the district who were entitled to receive it, and, also, that the difficulty could be obviated by shortening the term for which each child should be received into the school.

*William J. Gaynor*, for the appellants.

*F. E. Dana*, for the respondents.

BARNARD, P. J.:

No case is made for a peremptory writ of *mandamus*. The relators are shown to be children residing in a district in Brooklyn in which the defendants provide public schools. The district is known as No. 24.

In 1883 the school became crowded, and the defendants, in the manner provided by law, caused to be erected a branch school in the same district. This branch school receives a younger grade of scholars and has a capacity for 616 pupils. It was supposed to be of sufficient capacity when built not only to relieve No. 24, but to receive the children of the entire district. The district has increased so rapidly that the branch school has been " full to overflowing." Since it was built with a seating capacity of 616 the average daily attendance has been over a 1,000. Of course it should not be that the State directs the parent to send his children to school and fail to provide for the scholars, but it is apparent that there is no neglect upon the part of the defendants. The board can only determine the number and location of schools and ask for an appropriation. The common council must assent to the purchase. (Chap. 143, Laws of 1850, § 14.) It appears that the board has asked for a new primary school in that vicinity and that the purchase has been made and the building is now being erected. New buildings for schools, including additions to old buildings, are completed or in a process of completion, to the number of fourteen.

District No. 24 has more than doubled since the branch school was built, and the defendants cannot be charged with neglect for a failure to keep pace with its growth, in school accommodations.

It is not the province of the writ to determine the propriety of teaching music and drawing. By chapter 143, Laws of 1850, the board of education have "entire charge and direction of all the public schools" of the city. The rules and regulations for instruction and discipline are given to the board subject only to the provision "that they be not inconsistent with the laws of the State." The court cannot determine the propriety of the teaching unless some law forbids it. The discretion of the board cannot be reviewed. The result must equally follow the determination of the board at what point or number the receiving of scholars in any certain school must stop. The school is over full, and it is not the province of the court to adjudge that more could be received by giving a larger rotation of scholars so as to enable all to be received.

That is peculiarly a question for a board of education. The order should, therefore, be affirmed, with costs.

DYKMAN and PRATT, JJ., concurred.

Order refusing *mandamus* affirmed, with costs.